This is a suit by a sign painter, Arthur J. Smith, against the operator of a tourist camp, E.E. Elam, in which it is alleged that Elam is indebted to Smith in the sum of $485, as the balance due on two advertising contracts, one of which was for the sum of $222.50, subject to a credit of $122.50, and the other for $1,260, to be paid at the rate of $35 per month for a period of three years. On this second contract there is alleged to be due $385. So far as the first contract is concerned, on which a balance of $100 is claimed, while the defendant originally denied owing this amount in his answer, he subsequently acknowledged in his testimony that it was due and owing and that amount is not in controversy.
The second contract called for the erection and maintenance of seven signs containing advertising matter, furnished by the defendant Elam, and designed to promote *Page 301 
the business of the "Paradise Tourist Court", which he operated as proprietor. These signs were to be located at different places adjacent to several highways entering the City of New Orleans, three of them to be on U.S. Highway 90 East, two on U.S. Highway 90 West and two on the Airline Highway.
The defense, as presented in the answer of defendant, is to the effect that Elam paid all the monthly installments due covering a period of two years or until April, 1941, and that he discontinued the payments because Smith did not repaint the signs each year as he had agreed to do and also because he had failed to maintain the signs in proper repair, permitting weeds and brush to grow up around them to such an extent as to obscure their visibility.
There was judgment below in plaintiff's favor as prayed for and defendant has appealed.
It is apparent that the case involves simply a question of fact which has been resolved in plaintiff's favor by the judge below, a circumstance which brings it within the familiar rule concerning the effect to be given the findings of fact by a trial court. The defendant, therefore, in this court has the added burden of proving the factual conclusions of the judge, a qua, to be manifestly erroneous.
The contract is dated February 13th, 1939, and the evidence shows that for two years defendant, with more or less regularity, paid the monthly installments of $35. On May 22d 1941, when Elam was $105 in arrears, Smith wrote him a letter calling his attention to this fact and to his frequent promises to pay this amount as well as the $100 due on the old contract. No reply having been received to this letter, Smith referred his claim to Messrs. Gill Simon, his attorneys, who, on the 10th of June, 1941, demanded payment of all the installments due under an acceleration clause in the contract, together with the old balance, making a total claim of $525. On the 16th of June, these attorneys made another demand, in which they announced that suit would be instituted immediately unless the claim was settled. On June 21, 1941, they wrote Elam acknowledging the receipt of a check of his for $35, dated June 19th, 1941, which had been sent to Smith and turned over to them. Counsel then advised Elam that this was an entirely unsatisfactory payment and again announced their intention of filing suit at once. Finally, on June 25th, 1941, Mr. Woodville, Elam's attorney, announced the receipt of the three letters addressed to Mr. Elam and set forth the defenses which were subsequently incorporated in Elam's answer.
Elam caused some photographs to be taken of each of the signs which were erected under the contract. One or two of these signs appear to have been partially obscured by a growth of weeds in front of them. These photographs are alleged to have been taken in August, 1941 one month before the suit was filed. Smith also had the signs photographed and his pictures show that the signs were in perfect condition both as to paint and the removal of weeds. However, Smith's photographs were taken just after the signs had been repainted, which was after the matter had been placed in the hands of his attorneys, but apparently within the last year of his contract, which obligated him to paint the signs at least once each year.
There is also a contention made that Smith had agreed verbally that one of the signs on U.S. Highway 90 West would be removed if the part of the highway, where the sign was located, should be abandoned and some other road take its place. There is no mention of such an agreement in the contract and parol evidence tending to prove such an agreement was inadmissible. However, the evidence was admitted over counsel's objection and consisted merely of Elam's affirmance and Smith's denial.
Elam, who claims to have objected to the manner in which Smith executed his contract with reference to the maintenance of the signs, is contradicted by Smith, who insists that no claim to that effect was ever made. We find it remarkable that Elam should not have written Smith expressing his dissatisfaction.
The payment by Elam of $35 after the matter had been placed in the hands of the attorneys is corroborative of Smith's position. Elam's explanation of this payment is not convincing. The check bears his signature, but he disclaims any knowledge of it, stating that it was probably written and signed by his sister, who had charge of the tourist camp at the time. It does not seem reasonable to us that this payment would have been made without Elam's knowledge or direction. Smith testified that the weeds were cut once a month and *Page 302 
he produced a witness by the name of Weaver who, at that time, was employed by him, and who testified that he had personally painted the signs. Elam admits that the first year the contract was in force that the signs were painted, but denied that they were painted thereafter.
In our opinion, Elam has failed to show that the judgment appealed from, which is based upon a conclusion of fact by the trial court, is manifestly erroneous, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.